UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEFFREY T. BRITTO,<br><br>      **Plaintiff,**<br><br>      v.<br><br>SHAWN JENKINS, et al.,<br><br>      **Defendants.** | Civil Action No.<br>24-12897-FDS |

## ORDER

**SAYLOR, C.J.**

Plaintiff Jeffrey Britto, who is confined at the Old Colony Correctional Center ("OCCC"), has filed a civil action against Shawn Jenkins, Commissioner of the Massachusetts Department of Correction ("DOC"); James O'Gara, ADA Coordinator for the DOC; Stephen Kennedy, Superintendent of OCCC; and Joy Gallant, Deputy Superintendent of OCCC. He is proceeding *pro se*.

Plaintiff did not pay the $405 filing fee or seek leave to proceed without prepayment of the filing fee. Upon review of his filings, the Court hereby orders:

1.    If plaintiff wishes to proceed with this action, he must, within 35 days (that is, by March 25, 2025), resolve the issue of the filing fee. Failure to do so will result in dismissal of this action without prejudice.

Plaintiff must either (1) pay the $405 fee (consisting of a $350 statutory fee and a $55 administrative fee) or (2) file an Application to Proceed in District Court Without Prepaying Fees

or Costs ("Application") with a prison account statement showing all receipts, expenditures, and balances during the six months preceding the commencement of this lawsuit.

If plaintiff files, and the Court allows, such an application, plaintiff may proceed with this action without paying the filing fee up front. However, he will still be required to pay the $350 statutory filing fee over time, regardless of the duration or outcome of the lawsuit—even if the action is dismissed on a preliminary screening prior to requiring the defendants to respond. *See* 28 U.S.C. §§ 1915(b), § 1915A.

The clerk shall send a copy of this Order to the treasurer of OCCC to facilitate any request by plaintiff for his six-month prison account statement.

2.   If plaintiff wishes to proceed with this action, he must also, within 35 days (that is, by March 25, 2025), file an amended complaint that states a claim upon which relief can be granted.[1]  Failure to do so may result in dismissal of this action.

To state a claim for relief, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "contain sufficient factual matter, accepted as true" to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The complaint here fails to state a claim upon which relief can be granted because it is completely devoid of any factual allegations. In the statement of his claim, plaintiff indicates that he seeks relief under the Americans with Disabilities Act, the Rehabilitation Act, and 42

---

[1] Because plaintiff is a prisoner, his complaint is subject to a preliminary screening and *sua sponte* dismissal if it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary damages from a party who is immune from such relief. *See* 28 U.S.C. § 1915A.

U.S.C. § 1983, but he does not identify the alleged misconduct of each defendant. In contrast, the form complaint plaintiff used directs him to

> [s]tate as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places that involvement or conduct.

Compl. at 4.

If plaintiff wishes to proceed with this action, he must file an amended complaint in which he identifies the alleged misconduct of each defendant, which, treated as true, would allow the court to draw the reasonable inference that the defendants should be found liable to him. Again, failure to do so will likely result in dismissal of this action.

**So Ordered.**

Dated: February 18, 2025

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court

3